IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GIOVANNI BELL,** *pro se* | * | DEC - 9 2014 |
| | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil No. **PJM 13-1682** |
| | * | Crim. No. **PJM 07-0160** |
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| Respondent | * | |

**MEMORANDUM OPINION**

Giovanni Bell, *pro se*, has filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 [Paper Nos. 262, 264 and 276]. Having considered the Motion and the Government's Opposition, the Court will **DENY** the Motion.

**I.**

A Grand Jury returned a Superseding Indictment charging Bell with: (1) conspiracy to commit bank robbery; (2) bank robbery; (3) using, carrying and brandishing a firearm during and in relation to a crime of violence; (4) felon in possession of firearms; and (5) violent felon in possession of body armor. A petit jury subsequently convicted him on all counts.[1]

Bell was sentenced to life imprisonment, five years of supervised release and ordered to pay $65,499 in restitution. He is serving his time at the United States Penitentiary, Hazelton, in Bruceton Mills, West Virginia.

On December 1, 2011, the Fourth Circuit affirmed this Court's final judgment and on April 23, 2012, the Supreme Court denied Bell's petition for writ of certiorari.

---

[1] On the conspiracy count, Bell was found guilty along with his two co-defendants (Richol Griner and Jude Eligwe) and two others (Timothy Slobig and Kevin James).

On April 12, 2013, Bell filed a Motion for Extension of Time to file the present Motion.

On April 19, 2013, he filed a second Motion for Extension of Time. In both of these motions,

Bell cited a prison lockdown and restricted access to the law library as justifications for the

extensions, as well as restricted access to his case files by his defense attorney. The Government

objected to both motions. Bell filed a more substantive Motion to Vacate on June 11, 2013. On

July 2, 2013, the Court issued an Order construing Bell's Motions for Extension of Time as his

Motion to Vacate, and his June 11, 2013 filing as a supplement to that Motion.[2]

## II.

Having reviewed Bell's petition, which, to be sure, is somewhat murky[3], the Court has

distilled Bell's claims to be the following: that the Court erred (1) when it admitted certain

photographs into evidence; (2) when it denied Bell's Motion to Suppress evidence obtained from

an allegedly illegal search and seizure; and (3) when it refused to suppress a statement made by

Bell in a purported violation of his Fifth Amendment rights. He also alleges ineffective

assistance of counsel with respect to each alleged Court error.

In response, the Government argues that all of Bell's grounds for relief are either time-

barred, procedurally barred, procedurally defaulted, or otherwise without merit. For the reasons

set forth below, the Court agrees with the Government and Bell's Motion to Vacate will be

**DENIED**.

## III.

The Court considers first whether Bell's Motion to Vacate is timely.

---

[2] On October 24, 2014, Bell filed a document styled as a Motion for Leave to Amend the Motion to Vacate, but which the Court will construe as a motion for leave to file a sur-reply. The sur-reply largely rehashes arguments advanced in Bell's other briefs.

[3] Bell raises a myriad of other issues, all of which could have been pursued on direct appeal. If these issues were in fact raised on appeal, they are procedurally barred; if they were not raised on appeal, they are procedurally defaulted. In any event, Bell does not elaborate as to how counsel may have been ineffective for failing to raise these issues.

**A.**

The Government argues that the Motion is untimely and that application of the doctrine of equitable tolling is inappropriate. Although the Court has already considered this argument and rejected it, the Court engages the issue again in this Opinion.

A § 2255 Motion to Vacate must be filed within one year of the date the judgment of conviction becomes final. 28 U.S.C. § 2255(f). A judgment of conviction is considered final on the date the Supreme Court denies a petition for certiorari, after a petitioner seeks review of the court of appeals' judgment affirming his conviction. *United States v. Segers*, 271 F.3d 181, 186 (4th Cir. 2001). This time limit is subject to equitable tolling as an "extraordinary remedy." *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000).

At least once Circuit has held that district courts lack jurisdiction to extend the time to file a § 2255 motion to vacate, unless the motion to extend is accompanied or preceded by the motion to vacate. *See Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001); *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (federal court lacks jurisdiction to consider timeliness of a § 2255 petition until a petition is actually filed). Denial of Bell's petition for certiorari occurred on April 23, 2012. His § 2255 Petition, therefore, was due on April 22, 2012. However, recognizing that Bell was representing himself, that there had been a prison lockdown and restricted access to the prison library, and construing his pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court accepted his Motions to Extend as his § 2255 Motion to Vacate, as supplemented by his June 11 pleading.

The Court therefore found Bell's Motion to Vacate to have been timely filed.

**IV.**

The Court next considers whether Bell's claims are procedurally defaulted.

3

**A.**

A claim which could have been but was not raised on a petitioner's direct appeal may not be raised in a § 2255 petition unless there is demonstrable cause for the petitioner's failure to raise the claim in that appeal, and actual prejudice is shown to have resulted from the alleged error. *United States v. Frady*, 456 U.S. 152, 168-70 (1982). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). The standard for prejudice is that the alleged error that led to the issue not being brought on appeal worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error." *Frady*, 456 U.S. at 170.

**B.**

Bell's first asserted ground for relief is that the Court erred in admitting certain photographs into evidence, namely surveillance photographs taken during the bank robbery. He claims the jury was told that he was the subject of the photographs. In Bell's third asserted ground for relief, he says that the Court wrongfully admitted as evidence his incriminating statements to the police that he claims were coerced in violation of his 5th Amendment rights. Bell did not raise these grounds on direct appeal, which he clearly could have done, but says now he did not do so due to ineffective assistance apparently of both trial and appellate counsel. While these arguments may be raised by way of an ineffective assistance claim, which the Court discusses *infra*, they are otherwise unquestionably procedurally defaulted. In any event, however, Bell has also failed to demonstrate that reasonable prejudice resulted from the failure to raise the claim earlier; he has not shown that it so "infected [his] entire trial with error of constitutional dimensions", *id.*, given the other overwhelming evidence introduced against him.

4

**V.**

The Court next considers whether Bell's claims are procedurally barred.

**A.**

A petitioner cannot re-raise arguments in a § 2255 motion that were already raised on direct appeal. *Withrow v. Williams*, 507 U.S. 680, 721 (1993) (Scalia, J., concurring); *United States v. Linder*, 552 F.3d 391, 396-97 (4th Cir. 2009). Furthermore, a petitioner may not raise successive claims in a § 2255 Motion to Vacate by asserting different legal theories in support of the same objection. *Sanders v. U.S.*, 373 U.S. 1, 15-16 (1963).

**B.**

In his second and third grounds he asserts for relief, Bell alleges that the Court erred by failing to suppress inadmissible evidence. In his second ground, Bell says that the Court erroneously admitted evidence that was obtained based on a warrantless search and seizure of his apartment. His theory is that the police used information obtained during this warrantless search (including Bell's true identity, and the presence of contraband in the house) to intimidate him into making incriminating statements. Those statements were then incorporated into the affidavit upon which the second, warranted search relied. In his third ground, Bell says that the Court erroneously admitted evidence that was obtained through coercive means. His theory is that the police threatened him with a taser in the fingerprint room, inducing him to make incriminating statements. Those statements were then incorporated into the affidavit upon which the second, warranted search relied. Bell argues that all evidence obtained as fruit of the warrantless search as well as the coercive questioning – in particular, the evidence obtained through the warranted search – were therefore infected with inadmissibility

However, Bell clearly raised both of these arguments on direct appeal, where they were rejected. Attempting to repackage them now as different claims affords Bell no relief. The arguments are procedurally barred because they are based upon the same claims previously raised on appeal.

## VI.

Finally, the Court considers Bell's two claims of ineffective assistance of counsel.

### A.

The two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) governs ineffective assistance of counsel claims. A convicted defendant must show that (1) counsel's "performance fell below an objective standard of reasonableness, and (2) that [the defendant] was prejudiced by the deficiency because it created a reasonable probability that but for counsel's errors, the result of the proceeding would have been different." *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). In an ineffective assistance claim, the defendant bears the burden of proof as to both prongs, both of which must be carried to entitle him to relief. *See Strickland*, 466 U.S. at 697 ("there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *see, e.g., Booth–El v. Nuth*, 288 F.3d 571, 583 (4th Cir. 2002) (denying an ineffective assistance of counsel claim because the defendant could not demonstrate that counsel's conduct prejudiced him).

To be considered ineffective, counsel's performance must fall outside of a "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 668. The range, it must be said, is quite wide. Even where counsel has introduced incriminating information or damaging testimony and counsel's actions may be found "unreasonable," the first prong under *Strickland*,

the errors may still not amount to prejudice under that case. *See Harding v. Sternes*, 380 F.3d 1034, 1044-45 (7th Cir. 2004). Appellate counsel on appeal is not required to raise all possible issues on direct appeal, and will not be considered ineffective on those grounds alone. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). Among other things, counsel is generally not considered deficient if he exercises discretion to discard weaker arguments on appeal. *Id.* at 751-54.

### B.

Bell asserts that his appellate counsel was ineffective because he did not raise the issue of the admissibility of the surveillance photographs on appeal. Appellate counsel was hardly unreasonable in failing to revive this issue. The photographs were presented to the jury as photographs of a bank robbery in progress depicting an unknown subject. The prosecutor was free to argue that the subject in the photographs was Bell and the jury was free to accept or reject that argument. Indeed it is not known whether the jury believed the subject to be Bell, since there was ample other evidence tying him to the robbery. In any event, the Court properly left the question of the identity of the person in the photographs to the jury. Neither trial nor appellate counsel mis-stepped on this matter. That is, Bell's appellate counsel cannot be in any way faulted for discarding this argument on appeal. *See Jones*, 463 U.S. at 754. Counsel could reasonably select the "most promising issues for review," *id.* at 752-53, and discard totally unpromising issues such as this, along the way.[4]

---

[4] In his document styled as a Motion for Leave to Amend the Motion to Vacate, Bell attaches a letter that Bell wrote to his appellate counsel purporting to instruct appellate counsel to incorporate the issue of the admissibility of the photographs into the appeal, and to include certain facts regarding the alleged warrantless search. Bell's letter instructs appellate counsel to do so in order prevent these issues from being barred at a later date because they were not raised in a direct appeal. Bell cites this letter in support of his ineffective assistance claim. However, a criminal defense attorney is obligated to follow his client's wishes only with regard to the fundamental issues that must be personally decided by the client; e.g., pleading guilty, waiving a jury, taking the stand, and appealing a conviction or sentence. *See United States v. Chapman*, 593 F.3d 365, 369 (4th Cir. 2010). The client's expressed disagreement with counsel's tactical decisions cannot somehow convert the matter into one that must be decided by the client. *See id.* As the Court has previously held, counsel's decision not to abide by the wishes of his client has no necessary bearing on the question of professional competence; indeed, in some instances, listening to the client rather than to

C.

Bell's second ineffective assistance claim is that trial counsel cited inadmissible

information with respect to firearms found during the police search of Bell's apartment.  Here,

Bell appears to refer to trial counsel's opening argument, where he conceded that "[Bell is] guilty

of possession of those guns that were in his apartment."[5]  Bell appears to conclude that trial

counsel's argument, and the Government's subsequent references to this argument, necessarily

constituted an admission into evidence of Bell's allegedly coerced statement to the police.  Not

so.  In the transcript cited by Bell, neither the Government nor Bell's trial counsel make any

---

the dictates of professional judgment may itself constitute incompetence. *Haynes v. United States*, 451 F. Supp. 2d 713, 718 (D. Md. 2006) (quoting *U.S. v. McGill*, 11 F.3d 223, 227 (1st Cir.1993)).

[5] Bell asserts that Bell's trial counsel used Bell's allegedly coerced statement, in which Bell admitted to possessing guns in his apartment, in trial counsel's opening argument. *See* Tr. 84:16-23, ECF No. 187.

| Mr. Ticknor: | These were things that were in his apartment for which people, Mr. Slobig paid him money, and that's the cold, hard, unvarnished truth. But what does that say if, in fact, you find it. What it says is that he's guilty of possession of those guns that were in his apartment. Fine. But it does not say and will not say that he's guilty of a conspiracy to rob a bank or that he did rob a bank, or that he employed, brandished, carried or otherwise had a gun in relationship to that bank robbery. |

Bell asserts that the Government then used the allegedly coerced statement in their closing. *See* Tr. 85:24-86:6, ECF No. 194.

| Ms. Glatfelter: | The guns were found in the apartment just like this, laying out in the open. He had keys to that apartment, he had the ability to control those guns. And, in fact, in opening statement, Mr. Ticknor told you he was holding – |
| Mr. Ticknor: | Objection, objection to what was said in opening statement or else I'll go into it in full. |
| The Court: | Let's move on to something else. |

Finally, Bell asserts that the Government used the allegedly coerced statement in the redirect. *See* Tr. 193:5-11, ECF No. 194.

| Ms. Johnston: | I quite frankly don't know where to begin here. Mr. Ticknor, who brought out his little chart for opening, forgot to tell you that in opening he admitted that – |
| Mr. Ticknor: | Objection, Your Honor. |
| The Court: | Overruled. |
| Ms. Johnston: | He admitted in his opening statement that his client possessed those guns. |

reference to the allegedly coerced statement.[6] Indeed, the Court determined before trial that the search was legal and that the fact that firearms were found would therefore be admissible. Even if it was incautious for counsel to concede that Bell unlawfully possessed firearms, the evidentiary basis for counsel's concession – quite apart from any allegedly coerced statement made by Bell – was overwhelming. Accordingly, even assuming that Bell's statement to the police was coerced and therefore inadmissible, neither trial counsel nor the Government introduced that inadmissible information into evidence.

But regardless of counsel's performance, Bell has not demonstrated prejudice. The totality of the evidence against him was so substantial, that there was no reasonable probability that he would have been found innocent "but for counsel's unprofessional errors." *Strickland*, 466 U.S. at 694. Where counsel has introduced incriminating information or damaging testimony, courts have found that counsel may be "unreasonable," but that unreasonableness is non-prejudicial. *Harding v. Sternes*, 380 F.3d 1034 (7th Cir. 2004) (finding counsel's performance unreasonable but not prejudicial where he raised his client's prior conviction for armed robbery during re-examination); *Freeman v. Leapley*, 519 N.W.2d 615 (S.D. 1994) (finding defense counsel's introduction of an incriminating police report was unreasonable but non-prejudicial).

Bell's claim of ineffective assistance of counsel as to this claim is rejected.

---

[6] The Court observes that the Government explicitly and intentionally declined to offer Bell's allegedly coerced statement to the police into evidence.

### VII.

For the foregoing reasons, Bell's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is **DENIED.** Bell's filing styled as a Motion for Leave to Amend the Motion to Vacate is **MOOT**.

### VIII.

Rule 11(a) of the Rules Governing § 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court has considered the record and finds that Bell has not made the requisite showing here.

A separate Order will **ISSUE.**

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

December 8, 2014

10